JOHN R. HAMILTON AND SHIRLEY A. HAMILTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hamilton v. Commissioner
Docket No. 26975-81.
United States Tax Court
T.C. Memo 1982-201; 1982 Tax Ct. Memo LEXIS 542; 43 T.C.M. (CCH) 1087; T.C.M. (RIA) 82201; April 15, 1982. John R. Hamilton, pro se. James E. Gannon, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: This matter comes before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition herein was filed after the expiration of the period prescribed in section 6213 [1] for the filing *543 of a petition. On July 27, 1981, respondent timely mailed by certified mail to petitioners at their last known address a statutory notice of deficiency with respect to 1975, and also on July 27, 1981, respondent timely mailed by certified mail to John R. Hamilton (hereinafter petitioner) at his last known address a statutory notice of deficiency with respect to 1974, 1976 and 1978. Pursuant to section 6213(a), a taxpayer may file a petition with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed, not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day. The 90th day after the mailing of the notice of deficiency in this case was October 25, 1981, which was a Sunday. Accordingly, the last day for timely filing of the petition in this case was Monday, October 26, 1981. The petition in this case was received by the Court on Friday, October 30, 1981, and was stamped by the mail room at 10:29 a.m. that day. At 11:50 a.m. the same day, *544 the petition was stamped "FILED" with the Court. The date postmarked on the envelope in which the petition was mailed in October 27, 1981, which is 92 days after the mailing of the notice of deficiency and one day after the expiration of the period provided in section 6213(a) for the filing of a petition with this Court. Both petitioner and respondent agree that the petition was not received by the Court within the 90-day period prescribed by section 6213(a). However, section 7502 provides that if any document is required to be filed on or before a prescribed date under the Code, and is delivered by United States mail after the prescribed date, then the date of the United States postmark stamped on the cover in which the document is mailed shall be deemed to be the date of delivery. The parties stipulated that petitioner actually deposited the petition in the mailbox at the main post office station in Topeka, Kansas, between 7:15 and 7:45 p.m. on October 26, 1981. Although he mailed the petition by certified mail, he did not obtain from the Postal Service a receipt specifying the time of mailing. [2] Petitioner states that the sign on the mailbox was incorrect and misleading *545 because it indicated that collections would be made at 7:55 p.m. and 10:00 p.m. even though, unbeknownst to petitioner, the Postal Service had eliminated these pickup times. Respondent contends that the date of postmark, not the date of actual mailing, must control for purposes of section 7502(a) and that this Court is therefore without jurisdiction to redetermine the deficiencies. The case law is solidly behind respondent's position. When a legible postmark appears on an envelope, no evidence that the petition was mailed on some other date will be admitted. , affg. a Memorandum Opinion of this Court; ; ; *546 . [3] The reason why section 7502(a) relies on the date of postmark instead of the date of mailing is to avoid precisely the kind of problem that has arisen in this case with petitioner's extrinsic proof of the exact time of mailing. See . Petitioner argues, nevertheless, that this Court should depart from the prior cases not permitting extrinsic evidence as to the date of actual mailing, and that the Court in its discretion should allow petitioner to show that the petition would have been postmarked on October 26, 1981, if the Postal Service had followed its stated procedures, and that the petition should therefore be accepted as timely filed under section 7502(a). Petitioner stresses the inequity of imposing upon him the severe penalty of not treating his petition as timely filed when, in his view, the real fault lies with the malfeasance of the postal system because of its incorrect labeling of the pickup times at the mailbox. In support of his equitable discretion argument, petitioner cites *547 , in which this Court overruled our earlier decision in , affd. in open court without opinion . In Rappaport we had held that the timely mailing provisions of section 7502 were inapplicable when an envelope in which a petition was mailed bore no postmark. In Sylvan we reexamined this position and held that extrinsic evidence should be admitted to show the date of mailing when the envelope bore no postmark or the postmark was illegible. We were careful to stress that we were not abandoning the general rule that the date of postmark must be accepted as the date of mailing for purposes of section 7502(a) except as specifically provided with respect to registered or certified mail, but we found that Congress had provided no guidance whether to admit evidence as to the date of mailing when there was no legible postmark. In effect, we filled in the void left in the statute by congressional silence on this point, reasoning that the admission of evidence with respect to the date of mailing in those limited cases in which *548 there was no legible postmark was consistent with the congressional purpose. Despite the firm recognition in Sylvan that the date of postmark must govern if it is legible, petitioner asks that we extend to this case the aspect of Sylvan allowing the use of extrinsic evidence of the date of mailing. However, we have no congressional silence with respect to the situation before us. Instead, we have an explicit statutory mandate that the date of postmark is the operative date for purposes of section 7502(a). This Court does not have the power to create an exception to the clear command of the statute. Under section 6213(a), the filing of a petition within the prescribed time period is jurisdictional. ;; . Furthermore, we do not think that the inequities are nearly as serious as petitioner contends. When he mailed the petition, petitioner had it in his power to avoid the problem of an incorrect postmark. Had he obtained a receipt for his certified mailing, bearing the actual *549 date of mailing, under section 7502(c)(2) and section 301.7502-1(c)(2), Proced. and Admin. Regs., the date marked on the receipt would be treated as the date of postmark for purposes of section 7502(a). However, petitioner chose not to do so, and he should bear the risk that such inaction entails. We note, finally, as the Court did in , that there is no overwhelming inequity when a determination that a petition is filed late causes a taxpayer to lose the ability to contest a deficiency. The taxpayer is not completely deprived of his or her day in court since the taxpayer may pay the deficiency, file a refund claim, and if the refund claim is denied commence an action in District Court or the United States Court of Claims to recover the tax paid. Thus, because the petition in this case was not filed within the time period prescribed by section 6213(a), this Court is without jurisdiction and must grant respondent's motion to dismiss. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Although sec. 301.7502-1(c)(2), Proced. and Admin. Regs., provides that if a document is sent by certified mail and the sender's receipt is postmarked, the date of the postmark on the receipt shall be treated as the postmark date of the document, this regulation does not apply here because petitioner's receipt was never postmarked. Cf. .↩
3. ↩